IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LANCE WRIGHT,
Plaintiff,

v.  Civil No. 3:20cv726 (DJN)

RIVERSIDE JAIL STAFF, *et. al.*,
Defendants.

## MEMORANDUM OPINION

Lance Wright, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The action proceeds on the Second Particularized Complaint. (ECF No. 23.) The matter comes before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Wright's claims against Riverside Jail Staff and Dr. Cox will be dismissed. Wright's claim against Lt. Mason will remain before the Court to the extent that Wright wishes to proceed with the action.

### I.  PROCEDURAL HISTORY

By Memorandum Order entered on June 4, 2021, the Court directed Wright to file a particularized complaint. (ECF No. 16.) The Court explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe*

---

[1] That statute provides, in pertinent part:
> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

> *v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(ECF No. 16, at 1–3.) On June 11, 2021, the Riverside Regional Jail notified the Court that Wright had been transferred to the Nottoway Correctional Center and the Clerk updated his address on the docket. (ECF No. 18.) By Memorandum Order entered on June 23, 2021, the Court again directed Wright to file a particularized complaint. (ECF No. 20.) On July 7, 2021, Wright filed his Particularized Complaint. (ECF No. 21.)

The Court reviewed the Particularized Complaint and found that it too was deficient. The Particularized Complaint was three short paragraphs that failed to provide the named Defendants with fair notice of the facts and legal basis upon which his or her liability rests. Moreover, Wright did not identify the particular constitutional right that was violated by the Defendants' conduct. Finally, Wright also failed to provide a prayer for relief. Accordingly, by Memorandum Order entered on July 28, 2021, the Court directed Wright to particularize his Complaint in conformance with the following directions and in the order set forth below:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:20CV726."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff

2

       must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

       c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

(ECF No. 22, at 2.) The Court noted that a failure to comply with the foregoing directions would result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Wright has filed his Second Particularized Complaint and that is now before the Court for review. (ECF No. 23.) As discussed below, the Second Particularized Complaint fails to correct all of the above-identified deficiencies.

## II. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro*

*se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ALLEGATIONS

In his Second Particularized Complaint, which is less than one page, Wright names as Defendants, Riverside Jail Staff, Lt. Mason, and Dr. Cox. Wright alleges the following:[2]

> Directing Plaintiff to file a second particularized complaint. At 9:00 a.m., Josh Evans is my witness. He went to Dr. Cox and told him to see me because I need urgent help. I am suffering bad depressions and manic episodes. At 4:30 p.m., I told Officer Sharp I was having flashbacks and experiencing mental breakdown. He called Lt. Mason. Lt. Mason said I was denied mental health services. I have a right to mental health service through due process. Preston Edwards is another witness.
> Now I'm going to add these 5 grievances to this Court's evidence. I'm going to send the other 2 (two) once I get a copy.

(ECF No. 23, at 1.) Although Wright contends that he was denied due process, his chief complaint appears to be that he was denied adequate medical care for mental health in violation of the Eighth Amendment.[3]

---

[2] The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Particularized Complaint. The Court omits any paragraph numbering, miscellaneous headers, and emphasis in its recitation of the Second Particularized Complaint.

[3] It is unclear whether Wright was a convicted prisoner or a pretrial detainee. If Wright was a pretrial detainee, the Fourteenth Amendment governs. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). However, in the context of inadequate medical care, to survive a motion to dismiss under either the Eighth Amendment or Fourteenth Amendment, a plaintiff must allege facts indicating that the defendant acted with deliberate indifference to his serious medical needs. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (alteration in original) ("[W]e need not resolve whether Brown was a pretrial detainee or a convicted prisoner because the standard in either case is the same —

5

Once again, Wright fails to identify a demand for relief.[4]

## IV. ANALYSIS

### A. Not A Person Under § 1983

It is not entirely clear from the Second Particularized Complaint whether Wright intends to name Riverside Jail Staff as a defendant. Nevertheless, the Court has already explained to Wright that Riverside Jail Staff is not a person amenable to suit in § 1983. *See Lamb v. Library People Them*, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013); *Preval v. Reno*, 2000 WL 20591, at *1 (4th Cir. 2000). Accordingly, any claim against Riverside Jail Staff will be DISMISSED for failure to state a claim and as legally frivolous.

### B. Eighth Amendment

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

---

that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs.'" (quoting *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990). Accordingly, the Court will analyze Wright's claim under the Eighth Amendment standard. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] In his original Complaint, Wright asked for $46,000 in monetary damages and for Defendants to "apologize in person." (ECF No. 1, at 6.) The Court presumes he still intends to seek monetary damages.

"In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (rejecting objective test for deliberative indifference). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Wright fails to allege facts that plausibly satisfy the Eighth Amendment with respect to Dr. Cox. The Court recognizes that mental illness may certainly amount to a serious or significant emotional injury that requires medical attention. *See DePaola v. Clarke*, 884 F.3d 481, 487–88 (4th Cir. 2018) (finding inmate who had been suicidal twice while incarcerated, and "sought help repeatedly" for a variety of symptoms stated a serious mental health need). Assuming without deciding that Wright alleged "a serious or significant physical or emotional injury resulting from the challenged conditions,"[5] *De'Lonta*, 330 F.3d at 634 (citation omitted), he nevertheless fails to show that Dr. Cox was deliberately indifferent. Dr. Cox's liability is based solely on Wright's allegation that he had another inmate "[tell] him to see me because I need urgent help." (ECF No. 23, at 1.) It is entirely unclear from the Second Particularized Complaint if Dr. Cox even received this message, what the contents of the message may have been, if he received the message and ignored it, or if he actually saw Wright for his complaints that day. *Cf. Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (explaining that an inmate must allege facts that indicate "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) )). Thus, Wright fails to assert facts sufficient to form an inference that Dr. Cox subjectively recognized a substantial risk of harm to Wright and ignored that risk. *Parrish ex rel. Lee*, 372 F.3d at 303 (citation omitted). Accordingly, any claim against Dr. Cox will be DISMISSED WITHOUT PREJUDICE.

---

[5] Admittedly, this may be a stretch based on the current allegations. At most, Wright states that on a single day during his incarceration, he was "suffering bad depression and manic episodes" and "was having flashbacks and experiencing mental breakdown." (ECF No. 23, at 1.) Although Wright states that he needed this care "urgent[ly]," he fails to explain why this was so. (*Id.*) However, according the deference owed to pro se litigants, the Court assumes for the purposes of screening under § 1915, that Wright has alleged a sufficiently serious condition.

With respect to Lt. Mason, Wright contends that "[Wright] told Officer Sharp [he] was having flashbacks and experiencing mental breakdown, [and Officer Sharp] called Lt. Mason [and] Lt. Mason said [Wright] was denied mental health services." (ECF No. 23, at 1.) While Wright's allegations are vague, at best, at this juncture he adequately alleges a claim that Lt. Mason was aware of, but unreasonably ignored, a substantial risk of harm to Wright by denying him access to mental health services. Accordingly, Wright's Eighth Amendment claim against Lt. Mason survives the Court's screening obligations.

### V. CONCLUSION

For the foregoing reasons, Wright's claim against Riverside Jail Staff will be DISMISSED for failure to state a claim and as legally frivolous. Wright's claim against Doctor Cox will be DISMISSED WITHOUT PREJUDICE for failure to state a claim. The Eighth Amendment claim against Lt. Mason remains pending before the Court.

Plaintiff has filed a letter asking the Court to refund him the money that he has paid toward his $350.00 filing fee. Plaintiff also seeks to voluntarily dismiss the action. Plaintiff advances no persuasive reason for the Court to issue him a refund and he remains liable for the full $350.00. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Accordingly, Plaintiff's request for a refund (ECF No. 24) will be DENIED.

Nevertheless, it is unclear whether Plaintiff still wishes the Court to dismiss the action in light of the fact that the Court will not refund his payments. Accordingly, within fifteen (15) days of the date of entry hereof, Plaintiff must notify the Court of his desire to continue to litigate the remaining Eighth Amendment claim against Lt. Mason. If Plaintiff fails to respond

9

within that time, the Court will dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Wright.

An appropriate Order shall issue.

                                                                       /s/
                                            David J. Novak
                                            United States District Judge

Richmond, Virginia
Dated: October 6, 2021